## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LEON BRIGHT,

      Plaintiff,

v.                               Case No. 8:24-cv-2107-WFJ-LSG

CONTRACTORS ACCESS
EQUIPMENT CO., et al,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

The *pro se* plaintiff Leon Bright[1] moves to proceed *in forma pauperis*. Doc. 2.

Bright sues defendants Contractors Access Equipment Company, Daniel Clark,

Strategic Comp, Andre LNU,[2] Great American Insurance Company, Dr. Tootle

(Concentra Urgent Care), Dr. Lee (Baycare Urgent Care), and Jonathan Rostein.

Doc. 5. Because the complaint fails to state a claim upon which relief may be

---

[1] Having filed more than eighteen cases in the Middle District of Florida, Bright is a frequent *pro se* litigant in this Court. *See Bright v. Derringer*, Case No. 3:08-cv-652-TJC-MCR; *Bright v. Derringer*, Case No. 3:08-cv-754-VMC-HTS; *Bright v. Strickland*, Case No. 8:07-cv-984-SDM-MAP; *Bright v. Frix*, Case No. 8:12-cv-1163-MSS-MAP; *Bright v. City of Tampa*, Case No. 8:14-cv-1074-MSS-EAJ; *Bright v. City of Tampa*, Case No. 8:14-cv-1774-EAK-TBM; *Bright v. Officer Graham*, Case No. 8:14-cv-1775-VMC-EAJ; *Bright v. Zeigler*, Case No. 8:15-cv-EAK-JSS; *Bright v. Thomas*, 8:16-cv-1035-EAK-MAP; *Bright v. City of Tampa*, Case No. 8:18-cv-1123-SDM-CPT; *Bright v. Kast Construction Co., LLC*, Case No. 8:19-cv-JSM-SPF; *Bright v. Hillsborough* County, Case No. 8:19-cv-2274-SDM-CPT; *Bright v. Popeye's Louisiana Kitchen*, Case No. 8:19-cv-2347-MSS-CPT; *Bright v. City of Tampa*, Case No. 8:20-cv-1131-CEH-UAM; *Bright v. Kast Construction Co., LLC*, Case No. 8:20-cv-1209-MSS-SPF; *Bright v. Thomas*, 822-cv-24-CEH_MRM; *Bright v. Argos Cement USA, LLC*, Case No. 8:22-cv-985-CEH-AAS; *Bright v. Robologistics Co.*, 8:23-cv-2414-TPB-TGW.

[2] The Court interprets this to mean "last name unknown."

granted, I recommend denying Bright's motion to proceed *in forma pauperis* and dismissing without prejudice Bright's amended complaint. Doc. 5. I further recommend denying without prejudice Bright's request to invoke the services of the U.S. Marshal. Doc. 6.

## I.    LEGAL STANDARD

A plaintiff must pay a filing fee to commence a civil action in federal court. 28 U.S.C. § 1914(a). However, with the Court's authorization, a litigant may proceed *in forma pauperis*, or without pre-paying the requisite filing fee. 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915, a litigant may commence his action "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). After reviewing the affidavit to determine the economic status of the litigant, the Court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The Court may dismiss a complaint if the plaintiff's legal theories are meritless or if the complaint's factual allegations fail to state a plausible claim for relief. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted).

A complaint must contain a short and plain statement of the grounds for the

Court's jurisdiction, a short and plain statement of the claim showing the pleader's entitlement to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)–(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016) (holding that Rule 8 of the Federal Rules of Civil Procedure contains "[t]he bare minimum a plaintiff must set forth in his complaint."). A sufficient pleading must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and have "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." FED. R. CIV. P. 10(b). These pleading requirements

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted.

*Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff demonstrates that his claims have a factual basis by specifically describing "what a defendant did that violated the law." *Brown v. McLeod*, No. 8:23-cv-741-CEH-NHA, 2024 WL 1744304, at *2 (M.D. Fla, Apr. 1, 2024), *R. & R. adopted*, No: 8:23-cv-741-CEH-UAM, 2024 WL 1743322, at *1 (M.D. Fla. Apr. 23, 2024). The factual allegations must provide enough information to lift the plaintiff's claims above the speculative level, that is, more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft*, 556 U.S. at 678; *Rivell v.*

3

*Priv. Health Care Sys. Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the plaintiff's claims must offer more than mere conclusions, labels, and characterizations; a procedurally sufficient complaint alleges specific facts establishing the plaintiff's entitlement to relief. *Ashcroft,* 556 U.S. at 678.

If the complaint's factual allegations are baseless or the legal theories are without merit, the Court may dismiss the complaint before service of process. *Carroll*, 984 F.2d at 393. The Court must construe a *pro se* litigant's pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Regardless of this liberal construction, *pro se* litigants must adhere to the Federal Rules of Civil Procedure and the Middle District of Florida's Local Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.   ANALYSIS

### A. Although Bright's claims are timely, the complaint is procedurally and substantively deficient.

Bright alleges[3] claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42 U.S.C. §§ 1981 and 1988; and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34. Doc. 5, ¶ 2. Bright submits an August 5, 2024, "Notice of the Right to Sue" letter from the Equal Employment

---

[3] Bright filed his initial complaint on September 6, 2024. Doc. 1. He subsequently filed an amended complaint. Doc. 5. A plaintiff receives one opportunity to amend a pleading before service of the process. FED. R. CIV. P. 15(a)(1); *Hall v. Poppell*, No.: 2:19-cv-878-FtM-38NPM, 2020 WL 814001, at *1 (M.D. Fla. Feb. 19, 2020). Thus, this order analyzes Bright's amended complaint, Doc. 5.

Opportunity Commission with his complaint. Doc. 4. Doc. 5, pp. 4, 7. This letter establishes that Bright exhausted his administrative remedy before suing and that this action is timely. *See* 42 U.S.C. § 2000e–5(f)(1); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).

Bright arranges his claims in separate, numbered counts and presents his allegations in short, numbered paragraphs. Doc. 5. Each count identifies the defendants subject to that claim. Doc. 5. Thus, Bright's complaint partially conforms to the structural requirements of Rule 10. *See* FED. R. CIV. P. 10. However, as explained below, Bright's amended complaint remains procedurally deficient, contains vague and conclusory allegations, and otherwise fails to state a claim for relief. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *Ashcroft*, 556 U.S. at 678; *Thompson*, 393 F. App'x at 678.

### B. Bright's federal claims in counts one, two, three, four, and seven fail to state a claim.

In counts one and two, Bright claims that he "suffered an adverse employment action" in violation of Title VII and Section 1981. Doc. 5, ¶¶ 29–44. Specifically, Bright claims that Contractors Access Equipment Company discriminated against and wrongfully terminated him based on his race; retaliated against him based on his injuries and attempt to obtain workers' compensation; violated Florida's workers' compensation law; spoiled relevant evidence; and negligently operated equipment. Doc. 5, ¶¶ 29–44. In count three, Bright claims that the defendant Andre LNU fired Bright because of his known disability (Lupus) and because of Bright's injuries from

a November 5, 2023, accident, in violation of the Americans with Disabilities Act and Florida's Workers' Compensation Law. Doc. 5, ¶¶ 45–51. In count four, Bright claims the defendants spoiled relevant evidence, which led to the denial of his worker's compensation claims. Doc. 5, ¶¶ 52–60. In count seven, Bright claims that the defendants Dr. Lee, Dr. Tootle, and Strategic Comp engaged in a conspiracy to deprive him of equal access to medical care in violation of 24 U.S.C. §§ 1981 and 1985. Doc. 5, ¶¶ 29–96. Bright asserts that both Dr. Lee and Dr. Tootle used racial epithets against him and refused to provide medical attention. Doc. 5, ¶¶ 29–96. Bright further asserts that the defendants conspired to obstruct his compliance with worker's compensation. Doc. 5, ¶¶ 29–96.

Counts one and two are procedurally deficient under Rule 8. Bright conveys only general, conclusory statements that the defendants racially discriminated against him. These counts contain no supporting factual allegations from which to infer racial animus. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245–46 (11th Cir. 2015) ("To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (take as true) to suggest intentional race discrimination.'").

Title VII of the Civil Rights Act of 1964 prohibits an employer's failing or refusing to hire, discharging, or otherwise discriminating against an individual "with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1302–03

(M.D. Fla. 2021) (explaining that Section 1981 claims and Title VII claims are analyzed under the same framework). Bright asserts he was "singled out and targeted and harassed," "retaliated against for complaining about conditions at the workplace," and that other employees were "treated differently and more favorably." Doc. 1, ¶¶ 33, 35, 43. However, a reasonable inference of racial discrimination requires the plaintiff to allege facts which, if accepted as true, would show that these events occurred, in whole or in part, because of Bright's race (and not exclusively because of his workers' compensation claim). For example, in count three, which alleges disability discrimination, Bright alleges that someone said to him, "niggers don't get free money." Doc. 5 at ¶ 50. This statement is the kind of factual allegation that, with some context, could support a claim of racial discrimination against his employer. However, absent factual allegations supporting an inference of racial animus by the defendants, counts one and two fail. *See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1262–63 (11th Cir. 2004); *see also Ashcroft*, 556 U.S. at 677–78; *Rivell*, 520 F.3d at 1309; *Mitchell,* 112 F.3d at 1490.

Count three suffers a similar deficit. Bright must separate his causes of action into distinct counts. FED. R. CIV. P. 10(b). To state a claim for disability discrimination under the ADA, a plaintiff must allege "sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability.'" *Surtain*, 789 F.3d at 1246 (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997)). A "disability" is a physical or mental impairment that substantially limits one

or more major life activities, whether the individual has a record of such an impairment or is "regarded as having" such an impairment. *Surtain*, 789 F.3d at 1246–47. A "qualified individual" is one "'who, with or without reasonable accommodation, can perform the essential functions' of h[is] employment." *Id.*

Bright alleges that he suffers from Lupus and that he suffered a serious injury from an accident while employed with Contractors Access Equipment Company. Doc. 5, ¶ 48. However, Bright offers no further facts to substantiate a claim under the ADA, for example, that he is a "qualified individual" who could perform the essential functions of his job with or without a reasonable accommodation. *See Surtain*, 789 F.3d at 1246–47; *see also Ashcroft*, 556 U.S. at 677–78; *Corning v. LodgeNet Interactive Corp*, 896 F. Supp. 2d 1138, 1144 (M.D. Fla. 2012).

Additionally, count three includes claims under the ADA; Florida's Workers' Compensation Law, Section 440.01, et seq., Florida Statutes; and the FCRA, i.e., the Florida Civil Rights Act, Section 760.01, et seq., Florida Statutes. Bright failed to separate these claims into different counts and did not describe factual allegations supporting each claim. If claims are not clearly and individually defined, a defendant cannot fairly understand the factual basis for each legal claim. *Weiland*, 792 F.3d at 1323 ("The unifying characteristic of all types of [deficient] pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.")

In count four, Bright sues for "spoliation" and alleges that "all defendants" were responsible for preserving video footage of the accident causing his injury.

Doc. 5, ¶ 54. Bright claims that the defendants' failure to preserve the footage caused him "great embarrassment" and led to his worker's compensation claim denial. Doc. 5, ¶ 57. However, no cause of action for "spoliation" exists under which Bright can sue. *Kubisiak v. Gualtieri*, 723 F. Supp. 3d 1154, 1173 (M.D. Fla. 2024) ("There is no independent cause of action for first-party spoliation of evidence in Florida.") (citations omitted). Historically, sanctions have been the remedy for the spoliation of evidence. *Id*. The Court may impose sanctions against a party that fails to properly preserve electronic information in anticipation of litigation. FED. R. CIV. P. 37(e).

To support a claim for sanctions based on spoliation of evidence, a party must establish the following:

> (1) the existence of a potential civil action; (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action; (3) destruction of that evidence; (4) significant impairment in the ability to prove the lawsuit; (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit; and (6) damages.

*Swofford v. Eslinger*, 671 F. Supp. 2d 1274, 1280 (M.D. Fla. 2009) (citing *Green Leaf Nurser v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003). Sanctions for spoliation are appropriate "only when the absence of evidence is predicated on bad faith . . . 'Mere negligence' in losing or destroying the records is not enough for an adverse inference[.]". *Id*. (citations omitted). Accordingly, because no standalone claim for spoliation exists, count four fails. However, if this case proceeds to discovery, Bright may raise his spoliation claim by separate motion, which must include facts and legal argument supporting the charge.

To sufficiently allege a civil conspiracy under Section 1985(3) in count seven,

Bright must allege facts supporting the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir. 1992). Further, section 1985(3) requires a showing that the defendants engaged in the alleged conspiracy because of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]" *Id.*

Bright appears to allege that defendants Dr. Tootle and Dr. Lee denied him medical care based on his race. Doc. 5, ¶¶ 82–96. Bright explains that, on separate occasions, Dr. Tootle and Dr. Lee used racial epithets against him and refused to give him medical treatment, which he sought as part of his workers' compensation claim. Doc. 5, ¶¶ 82–96. However, though Bright contends that the defendants Dr. Tootle, Dr. Lee, and Strategic Comp conspired to deprive him of medical attention and "obstruct the process to comply with the workers compensation" policy, he offers no allegation supporting the alleged conspiracy. Doc. 5, ¶¶ 92–94.

No factual allegation in count seven supports the claim that Dr. Tootle, Dr. Lee, and Strategic Comp agreed "among themselves" to deprive Bright of any rights or medical care. *See Malloy v. Latey*, No. 96-1657-CIV-T-17B, 1997 WL 658982, at *3 (M.D. Fla. Sept. 30, 1997) (holding that a plaintiff cannot establish a claim under Section 1985(3) if he cannot allege the defendants engaged in a civil conspiracy); *see*

*Lucero*, 954 F.2d at 627. The conclusory allegations demonstrate no causal link between the alleged conspiracy and racial animus he experienced. Without that link, Bright's claim under Section 1985(3) fails. *See Lucero*, 954 F.2d at 627; *Malloy*, 1997 WL 658982 at *3.

Bright includes in count seven a violation of 42 U.S.C. § 1981. Doc. 5, ¶ 80. "To state a claim under § 1981 for interference with a right to contract, 'a plaintiff must identify an impaired contractual relationship under which the plaintiff has rights.'" *Jimenez v. WellStar Health Sys.*, 596 F.3d 1304, 1309 (11th Cir. 2010) (citations omitted). Bright identifies no such relationship. Bright alleges defendants Dr. Lee, Dr. Tootle, Strategic Comp, and Daniel Clark conspired to "obstruct the process to comply with the workers compensation" policy and to "have Plaintiff's workers compensation claim dissipated and denied[.]" Doc. 5, ¶¶ 93–94. But Bright provides no factual allegation showing either that a contract for medical care existed or that the defendants sought to sabotage his worker's compensation claim. Thus, Bright's claim under Section 1981 fails. *See Jimenez*, 596 F.3d at 1309.

### C. Bright's claims in counts five, six, and eight also fail.

Bright's remaining claims, counts five, six, and eight, arise under Florida law. Bright's amended complaint invokes the Court's federal question jurisdiction. 28 U.S.C. § 1331. The Court can exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, the Court may decline supplemental jurisdiction over state law claims if the Court "has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).
Consequently, the Court need not exercise supplemental jurisdiction over Bright's
remaining state claims if it dismisses Bright's federal claims. 28 U.S.C. § 1367(c)(3);
*see also Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)
(holding that dismissal of state law claims is strongly encouraged when federal
claims are dismissed before trial).

Furthermore, even if this Court chooses to exercise supplemental jurisdiction
over these claims, a liberal review of the claims shows that they, too, are
procedurally and substantively deficient. In count five, Bright alleges the defendants
engaged in "negligent mode of operation" for failure to prevent "an employee from
falling off the ledge or edge of [a] truck when strapping down [h]eavy [s]caffolding
[e]quipment." Doc. 5, ¶ 64.  He includes in this claim both Contractors Access
Equipment and Great American Insurance Company, however, the factually
allegations cannot plausibly apply to both. For example, although his employer likely
has a duty to provide a safe environment for its employees, his employer's insurer
does not. *See Farmer v. Humana, Inc.*, 582 F. Supp. 1176, 1185 (M.D. Fla. 2022)
(identifying the elements of a negligence claim).

In count six, Bright expands on his spoliation claim and alleges that attorney
Jonathan Rostein engaged in legal malpractice by acting adversarial, failing to
preserve video footage of Bright's injury, and undermining Bright's claims. Doc. 5, ¶
70–79. Yet, Bright provides no factual allegation about how Rostein's conduct
affected the outcome of Bright's state worker's compensation claim. In his eighth and

final count, Bright claims he suffered damages, racism, and "indifference and pain and emotional damages" in violation of the Florida Civil Rights Act of 1992. Doc. 5, ¶ 97–105. Like count six, Bright provides only conclusory allegations. His general statements, such as the claim he "was treated like a dog in some other THIRD WORLD COUNTRY IN ASIA," or that he "suffered damages, racism and indifference and pain and emotional damages to date and in the future," do not provide sufficient factual allegations suggesting the defendants intentionally discriminated against him because of race. *See Surtain*, 789 F.3d 1239, 1245–46; *see also Jones v. United Space All., LLC*, 494 F.3d 1306, 1310 (11th Cir. 2007) (finding that courts should apply Title VII caselaw when interpreting claims under the FCRA); *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (holding a claim that fails under Title VII also fails under the FCRA because the FCRA was patterned after the federal framework). Thus, count eight should be dismissed for failure to state a claim.

## VI.    CONCLUSION

Accordingly, I recommend (1) denying Leon Bright's motion to proceed *in forma pauperis*, Doc. 2; (2) dismissing without prejudice Bright's amended complaint, Doc. 5; (3) affording Bright leave to file an amended complaint that complies with

this order and the Federal Rules of Civil Procedure,[4] *see Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010); and (4) denying without prejudice Bright's motion to invoke the services of the U.S. Marshal, Doc. 6. If Bright fails to file an amended complaint within the time afforded by the District Judge, I recommend closing the case.

     **REPORTED** in Tampa, Florida, on this 6th day of December, 2024.

                                     LINDSAY S. GRIFFIN
                                     United States Magistrate Judge

---

[4] Bright's eighteen previous forays in this Court undoubtedly provide him ample familiarity with the procedural and substantive rules of pleading. Accordingly, Bright should promptly and assiduously apply the rules to any amended pleading.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.