# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LEON BRIGHT,

     Plaintiff,

v.                                                    Case No. 8:24-cv-2107-WFJ-LSG

CONTRACTORS ACCESS
EQUIPMENT CO., et al,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff Leon Bright[1] moves to proceed without prepayment of fees or costs under 28 U.S.C. § 1915. Doc. 22. As explained below, Bright's amended complaint, Doc. 21, fails the substantive and procedural requirements of Rules 8 and 10, and otherwise fails to state a claim. Thus, I recommend denying Bright's second motion to proceed *in forma pauperis*, dismissing Bright's federal claims without leave to amend, declining to exercise jurisdiction over his state law claims, and dismissing

---

[1] Bright is a frequent pro se litigant and has previously filed more than eighteen cases in the Middle District of Florida. *See Bright v. Derringer*, Case No. 3:08-cv-652-TJC-MCR; *Bright v. Derringer*, Case No. 3:08-cv-754-VMC-HTS; *Bright v. Strickland*, Case No. 8:07-cv-984-SDM-MAP; *Bright v. Frix*, Case No. 8:12-cv-1163-MSS-MAP; *Bright v. City of Tampa*, Case No. 8:14-cv-1074-MSS-EAJ; *Bright v. City of Tampa*, Case No. 8:14-cv-1774-EAK-TBM; *Bright v. Officer Graham*, Case No. 8:14-cv-1775-VMC-EAJ; *Bright v. Zeigler*, Case No. 8:15-cv-EAK-JSS; *Bright v. Thomas*, 8:16-cv-1035-EAK-MAP; *Bright v. City of Tampa*, Case No. 8:18-cv-1123-SDM-CPT; *Bright v. Kast Construction Co., LLC*, Case No. 8:19-cv-JSM-SPF; *Bright v. Hillsborough* County, Case No. 8:19-cv-2274-SDM-CPT; *Bright v. Popeye's Louisiana Kitchen*, Case No. 8:19-cv-2347-MSS-CPT; *Bright v. City of Tampa*, Case No. 8:20-cv-1131-CEH-UAM; *Bright v. Kast Construction Co., LLC*, Case No. 8:20-cv-1209-MSS-SPF; *Bright v. Thomas*, 8;22-cv-24-CEH-MRM; *Bright v. Argos Cement USA, LLC*, Case No. 8:22-cv-985-CEH-AAS; *Bright v. Robologistics Co.*, 8:23-cv-2414-TPB-TGW.

Bright's state claims without prejudice so that he may pursue those claims in state court.

## I.    BACKGROUND

Bright sues defendants Contractors Access Equipment Company, Daniel Clark, Strategic Comp, Andre LNU,[2] Great American Insurance Company, Bobby LNU, Dr. Tootle, Dr. Lee, and Jonathan Rostein for discrimination and wrongful termination. Doc. 21. His eleven-count amended complaint includes claims of wrongful termination under 42 U.S.C. § 2000e; retaliation under 42 U.S.C. § 1981; a violation of the Florida Civil Rights Act;[3] discrimination under the Americans with Disabilities Act (ADA); retaliatory termination under Section 440.205, Florida Statutes; negligence; legal malpractice; contract discrimination under 42 U.S.C. § 1981; conspiracy to deprive the plaintiff of medical attention under 42 U.S.C. § 1985; and bad faith. Doc. 21. Bright alleges that the defendants discriminated against and wrongfully terminated him based on his race; retaliated against him based on his injuries, disability, and attempt to obtain workers' compensation; precluded him from receiving medical care based on his race; acted negligently; and conspired to prevent him from obtaining workers' compensation. Doc. 21. Bright claims that because of these alleged harms, he suffered lost wages, lost future earnings, emotional distress, degradation, and a failed claim for workers' compensation. Doc.

---

[2] I interpret this to mean "last name unknown."

[3] Bright provides no citation to the Florida Civil Rights Act or any specific provision of the Act. I interpret Count III of his amended complaint as a claim under the Florida Civil Rights Act based on the title given to the count, "Violation of Florida Common Law (FRCA)." Doc. 21, ¶¶ 45–51.

21. Bright seeks compensatory damages, punitive damages, and injunctive relief. Doc. 21.

The district court dismissed Bright's first amended complaint and denied his first motion to proceed *in forma pauperis* for failure to state a claim in accord with Rules 8 and 10, Federal Rules of Civil Procedure. Doc. 8. Bright filed his second amended complaint on March 18, 2025, along with a second motion to proceed *in forma pauperis*. Docs. 21, 22.

## II.    STANDARD OF REVIEW

A litigant may sue in federal court without prepaying the filing fee if the person submits an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Section 1915 requires that the plaintiff file "in good faith an affidavit stating . . . that [the litigant] is unable to pay the costs of the lawsuit." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). After reviewing the affidavit to determine the economic status of the litigant, the court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)–(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla.

2016). A pleading must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and must state in a separate count "each claim founded on a separate transaction or occurrence." FED. R. CIV. P. 10(b). These pleading requirements "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege facts supporting an entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, the court may dismiss the complaint before service of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Although a *pro se* pleading receives a liberal construction, a *pro se* plaintiff must nonetheless satisfy the pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

4

## III.    DISCUSSION

Bright's amended complaint largely mirrors his initial complaint. *See* Doc. 5. Bright adds a defendant and revises his claims to include additional counts under Florida law for "retaliatory termination," Doc. 21 at 14, and legal malpractice, Doc. 21 at 17. However, a review of Bright's second amended complaint reveals no cognizable claims against any defendant.

### a.  Bright's federal claims are procedurally and substantively deficient.

Like his previous complaint, Bright's amended complaint fails to conform to Rules 8 and 10, Federal Rules Civil Procedure. Bright's amended complaint partially conforms to the structural requirements of Rule 10 because he arranges his claims in separate, numbered counts and presents his allegations in short, numbered paragraphs. Doc. 21. However, Bright's amended claims remain procedurally deficient, contain vague and conclusory allegations, and otherwise fail to state a claim for relief. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *Ashcroft*, 556 U.S. at 678; *Thompson*, 393 F. App'x at 678. Because Bright fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," the complaint is a prohibited "shotgun pleading." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation omitted). Therefore, the amended complaint should be dismissed in accord with 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Title VII of the Civil Rights Act of 1964 prohibits an employer's failing or refusing to hire, discharging, or otherwise discriminating against an individual "with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1302–03 (M.D. Fla. 2021) (explaining that Section 1981 claims and Title VII claims are analyzed under the same framework). In count one, Bright claims that he "suffered an adverse employment action" in violation of Title VII. Doc. 21, ¶ 33. Bright specifically alleges that the defendant Contractors Access Equipment Company discriminated against and wrongfully terminated him based on his race and disability. Doc. 21, ¶¶ 32–35.

Bright asserts he was "singled out and targeted and harassed" and experienced retaliation in the form of termination because he is black. Doc. 21, ¶¶ 33–34. He also asserts that other employees of different races were "treated differently and more favorably." Doc. 21, ¶¶ 33–34. However, a reasonable inference of racial discrimination requires the plaintiff to allege facts which, if accepted as true, would show that these events occurred, in whole or in part, because of Bright's race (and not exclusively because of his workers' compensation claim, his injury, or his disability). Bright alleges that other employees received better treatment because of their race, Doc. 21, ¶ 33, but this claim is conclusory, devoid of factual support, and insufficient to support a claim of race discrimination. *See Jackson v. BellSouth*

6

*Telecomm.*, 372 F.3d 1250, 1262–63 (11th Cir. 2004); *see also Ashcroft*, 556 U.S. at 677–78; *Rivell*, 520 F.3d at 1309; *Mitchell,* 112 F.3d at 1490.

In count two, Bright alleges that the defendants Contractors Access Equipment Company, Andre LNU, Dr. Lee, Dr. Tootle, Strategic Comp, and Jonathan Rostein violated 42 U.S.C. § 1981 by retaliating against him because of his disability. Doc. 21, ¶¶ 38–44, 80–97. Bright specifically alleges that the defendants Contractors Access Equipment Company and Andre LNU retaliated against him for pursuing a workers' compensation claim. Doc. 21, ¶¶ 42–44. Bright alleges violations under 42 U.S.C. § 12112(a) of the ADA in count four. Doc. 21, ¶¶ 52–61. Bright claims that the defendants Contractors Access Equipment Company, Andre LNU, and Bobby LNU knew of his existing disability of Lupus but still discriminated against him. Doc. 21, ¶ 55–56. Further, Bright alleges that the defendants Contractors Access Equipment Company, Andre LNU, and Bobby LNU "all told" Bright that he would be terminated based on his disability, regardless of the accident. Doc. 21, ¶ 57.

To state a claim for disability discrimination under the ADA, a plaintiff must allege "sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability.'" *Surtain*, 789 F.3d at 1246 (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997)). A "disability" is a physical or mental impairment that substantially limits one or more major life activities, whether the individual has a record of such an impairment or is "regarded as having" such an

7

impairment. *Surtain*, 789 F.3d at 1246–47. A "qualified individual" is one "'who, with or without reasonable accommodation, can perform the essential functions' of h[is] employment." *Id.*

Bright asserts that he was qualified to perform his duties and the essential functions of his job for the defendant Contractors Access Equipment Company despite suffering from the disability of Lupus and sustaining a serious injury from the accident. Doc. 21, ¶ 17.  However, he provides no factual allegations supporting that legal conclusion. *See Davis v. Fla. Power and Light, Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000) (explaining that a plaintiff qualifies as a "qualified individual" through a showing that he can perform the essential functions of a job either with or with reasonable accommodation). Bright nowhere describes his job, the essential functions of the position, or facts supporting a reasonable inference that he "satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of" the job at issue. 29 C.F.R. § 1630.2(m); *see Davis*, 205 F.3d at 1305. Thus, Bright fails to state a claim under the ADA. *See Surtain*, 789 F.3d at 1246–47; *see also Ashcroft*, 556 U.S. at 677–78.

Bright alleges in count eight that the defendants Dr. Lee, Dr. Tootle, Strategic Comp, and Jonathan Rostein discriminated against him and interfered with his ability to enforce a contract for medical care under Section 1981. Doc. 21, ¶¶ 83–97. Bright bases these claims on allegations that both Dr. Lee and Dr. Tootle used racial

epithets against him and refused to provide medical attention. Doc. 21, ¶¶ 86–90. He asserts in count nine that the defendants Dr. Lee, Dr. Tootle, and Strategic Comp conspired to deprive him of equal access to medical care in violation of 42 U.S.C § 1985. Doc. 21, ¶¶ 98–96. "To state a claim under § 1981 for interference with a right to contract, 'a plaintiff must identify an impaired contractual relationship under which the plaintiff has rights.'" *Jimenez v. WellStar Health Sys.*, 596 F.3d 1304, 1309 (11th Cir. 2010) (citations omitted). Bright identifies no such relationship. Bright provides no factual allegation showing either that a contract for medical care existed or that the defendants sought to sabotage his workers' compensation claim. Thus, Bright's claim under Section 1981 fails. *See id*.

In count nine, Bright alleges that "all defendants: i.e., Dr. Tootle, Dr. Lee, and Strategic Comp" used electronic media to conspire against him to prevent him from receiving medical care in an effort to preclude his workers' compensation claim. Doc. 21, ¶¶ 98–99. However, Bright fails to allege the elements of a civil conspiracy under Section 1985(3), including

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir. 1992). Bright offers only conclusory allegations and provides no factual allegations supporting an alleged conspiracy based on "some racial, or perhaps otherwise class-based,

invidiously discriminatory animus[.]" *Id.*; *Malloy v. Latey*, No. 96-1657-CIV-T-17B, 1997 WL 658982, at *3 (M.D. Fla. Sept. 30, 1997) (holding that a plaintiff cannot establish a claim under Section 1985(3) if he cannot allege the defendants engaged in a civil conspiracy). Bright's allegations fail to establish a causal link between the alleged conspiracy and the alleged racial animus. Therefore, his claims of conspiracy in count nine fail to state a claim. *See Lucero*, 954 F.2d at 627; *Malloy*, 1997 WL 658982 at *3; *see also Ashcroft*, 556 U.S. at 677–78.

    **b.  No jurisdiction exists over Bright's remaining state law claims.**

Bright's remaining claims in counts three, five, six, seven, ten, and eleven arise under Florida law. Bright's amended complaint invokes the Court's federal question jurisdiction. 28 U.S.C. § 1331. Section 1367(a) permits the exercise of "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, Section 1367(c) permits a court to decline supplemental jurisdiction over state law claims in the absence of a claim "over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (holding that dismissal of state law claims is strongly encouraged when federal claims are dismissed before trial).

Even if the Court exercises supplemental jurisdiction over these claims, a liberal review of counts three, five, six, seven, ten, and eleven shows that they, too, are procedurally and substantively deficient. In counts three and eleven, Bright alleges that the defendants Contractors Access Equipment Company, Andre LNU,

and Bobby LNU violated the Florida Civil Rights Act, Section 760.01, et seq.,
Florida Statutes, by discriminating against him and wrongfully terminating him
because of his race and disability. Doc. 21, ¶¶ 45–51. Like his federal claims, Bright
provides only conclusory allegations. His general statements, such as the claim he
"was treated like a dog in some other THIRD WORLD COUNTRY IN ASIA," or
that he "suffered damages, racism and indifference and pain and emotional damages
to date and in the future," do not provide sufficient factual allegations suggesting the
defendants intentionally discriminated against him because of race. *See Surtain*, 789
F.3d 1239, 1245–46; *see also Jones v. United Space All.*, *LLC*, 494 F.3d 1306, 1310 (11th
Cir. 2007) (finding that courts should apply Title VII caselaw when interpreting
claims under the FCRA); *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th
Cir. 1998) (holding a claim that fails under Title VII also fails under the FCRA
because the FCRA was patterned after the federal framework).

In count five, Bright claims that the defendants[4] Contractors Access
Equipment Company, Andre LNU, Bobby LNU, Dr. Tootle, and Dr. Lee violated
Section 440.205, Florida Statutes, by engaging in retaliatory termination because of
his workers' compensation claim.[5] However, Bright provides no factual support for
either count, offering only conclusory allegations that do not substantiate his claims.

---

[4] Bright includes three additional defendants that are not listed as individual defendants in the case
caption: Daniel Clark, Baycare Urgent Care, and Concentra Urgent Care. Doc. 21, ¶ 63.

[5] Section 440.205, Florida Statutes, prevents the coercion of employees, stating "[n]o employer shall
discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's
valid claim for compensation or attempt to claim compensation under the Workers' Compensation
Law. Bright characterizes this section as "retaliatory termination."

Bright also alleges that the defendants Contractors Access Equipment Company, Andre LNU, Bobby LNU, and Great American Insurance Company engaged in "negligent mode of operation" for failure to prevent "an employee from falling off the ledge or edge of [a] truck when strapping down [h]eavy [s]caffolding [e]quipment." Doc. 21, ¶ 72. Although Bright argues that the defendant Great American Insurance Company "owed a duty of care," and that all defendants should have "known the foreseeable zone of risk," the mere recitation of the elements of negligence does not establish a cause of action. Bright's claim incorrectly assigns the duty to provide a safe environment for employees to his employer's insurer and fails to offer more than conclusory allegations to support his negligence claim. *See Farmer v. Humana, Inc.*, 582 F. Supp. 1176, 1185 (M.D. Fla. 2022) (identifying the elements of a negligence claim); *see also Ashcroft*, 556 U.S. at 677–78.

In count seven, Bright asserts that the defendant Jonathan Rostein engaged in legal malpractice by acting adversarial, failing to preserve video footage of Bright's injury, and undermining Bright's claims. Doc. 21, ¶¶ 71–80. Yet, Bright provides no factual allegation about how Rostein's conduct affected the outcome of Bright's state worker's compensation claim and fails to identify a legal basis for his malpractice claim other than the right to counsel under the Sixth Amendment of the United States Constitution. Finally, in count ten, Bright alleges that the defendant Great American Insurance Company engaged in "common law bad faith" in violation of Section 624.155(1), Florida Statutes. Doc. 21, ¶¶ 97–103. Bright contends that Great American Insurance Company failed to properly investigate the accident causing his

injury by failing to obtain video evidence of the accident and by refusing to make reasonable efforts to settle his workers' compensation claim. Doc. 21, ¶ 102. However, Bright identifies no subsection under which he sues in accord with Section 624.155(1) and provides no factual allegations to substantiate his claims.

## IV.  CONCLUSION

Accordingly, I recommend (1) denying Leon Bright's motion to proceed *in forma pauperis*, Doc. 22; (2) dismissing Bright's federal claims in his second amended complaint, Doc. 21, without leave to amend; (3) declining to exercise supplemental jurisdiction over Bright's state law claims and dismissing those claims without prejudice; and (4) directing the Clerk to terminate any pending motion and close the case.

**REPORTED** in Tampa, Florida, on this 20th day of October, 2025.


LINDSAY S. GRIFFIN
United States Magistrate Judge

13

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.