UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEON BRIGHT**,

    Plaintiff,

v.                                     Case No: 8:24-cv-02107-WFJ-LSG

**CONTRACTOR ACCESS EQUIPMENT CO.**, *et al.*,

    Defendants.
_____/

## ORDER

Before the Court is the United States Magistrate Judge Lindsay Griffin's Report and Recommendation that Plaintiff Leon Bright's motion to proceed *in forma pauperis* (Dkt. 22) be denied and Plaintiff's *pro se* Second Amended Complaint (Dkt. 21) be dismissed. Dkt. 26. The time for filing objections has passed.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the district court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x

781, 783–84 (11th Cir. 2006) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).

Plaintiff objects to the Report and Recommendation on the grounds that the Magistrate Judge erred in finding that Plaintiff failed to sufficiently state a claim on all his federal counts. Dkt. 27 at 3–6. However, the Magistrate Judge correctly determined that the Amended Complaint fails to state a claim on all the federal law counts, and this Court declines to exercise supplemental jurisdiction over the remaining state law counts.

The Magistrate Judge, in a thorough and well-reasoned analysis, found that the Second Amended Complaint (Dkt. 21) "largely mirrors his initial complaint" and that it does not raise any "cognizable claims against any defendant." Dkt. 26 at 5. The Court agrees. As to Plaintiff's Title VII claim in Count One, while an "employment discrimination plaintiff need not plead specific facts establishing a prima facie case under the burden-shifting framework established in *McDonnell Douglas*, . . . a Title VII plaintiff, like any other plaintiff, must still satisfy the plausibility standard set forth in *Twombly* and *Iqbal*." *Horace v. ARIA*, No. 23-12414, 2024 WL 1174398, at *4 (11th Cir. Mar. 19, 2024) (citation omitted).

Here, the factual allegations in Plaintiff's *pro se* Amended Complaint, liberally construed and taken as true, do not plausibly suggest that Plaintiff suffered an adverse employment action due to intentional race discrimination. Indeed, as the

Magistrate Judge correctly noted, "a reasonable inference of racial discrimination requires the plaintiff to allege facts which, if accepted as true, would show that these events occurred, in whole or in part, because of Bright's race (and not exclusively because of his workers' compensation claim, his injury, or his disability)." Dkt. 26 at 6. Similarly, in Counts Two, Eight, and Nine, the Magistrate Judge correctly articulated the various elements that Plaintiff must have alleged under the ADA, Section 1981, and Section 1985(3), and then appropriately explained why the Amended Complaint fails to sufficiently allege said elements. *Id.* at 7–10.

Based on an independent review of the pleadings, any further attempts to amend would be futile, as this is not Plaintiff's first attempt to allege a plausible claim based on the same conduct. *See Storm Coutard v. Universal Music Group, et al.*, 8:25-cv-1275-WFJ-LSG (permitting two amendments). Indeed, a district court is not required to permit an amendment if "there has been . . . repeated failure to cure deficiencies by amendments previously allowed" or "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted). The Court also agrees with the Magistrate Judge's recommendation that this Court should decline supplemental jurisdiction over Plaintiff's claims under Florida law. Dkt. 26 at 10; *see* 28 U.S.C. § 1367(c)(3); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (holding that dismissal of state law claims is strongly encouraged when federal claims are dismissed before trial).

## CONCLUSION

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

(1) The Court **DENIES** Plaintiff Leon Bright's motion to proceed *in forma pauperis*. Dkt. 22.

(2) Plaintiff's objections, Dkt. 27, are **OVERRULED.**

(3) The Court **DISMISSES** Plaintiff's federal claims in the Second Amended Complaint, Dkt. 21, without leave to amend.

(4) The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISSES** those claims **without prejudice**.

(5) The Court **DIRECTS** the Clerk to terminate any pending motion and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on November 6, 2025.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Plaintiff, *pro se*